SHANE LAW
DAVID R. SHANE, State Bar No. 109890
1000 Drakes Landing Road, Suite 200
Greenbrae, California 94904
Email: dshane@shanelaw1.com
Telephone (415) 464-2020
Fax        (415) 464-2024

Attorney for Plaintiff HENNA SODHIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br><br>    Plaintiff,<br><br>vs.<br><br>QATAR AIRWAYS,<br><br>    Defendant. | COMPLAINT FOR DAMAGES FOR<br><br>1. Intentional Tort - Conversion<br>2. Breach of Contract<br>3. Negligence<br>4. Intentional Infliction of Emotional Distress |

**CIVIL ACTION COMPLAINT AND JURY DEMAND**

1. Plaintiff JANE ROE was a ticketed passenger on Qatar Airways flight QR738 from San Francisco International Airport to Kolkata, India with a stop and connection in Doha, Qatar, in business class on February 26, 2025 when defendant QATAR AIRWAYS employee(s) acted in an intentional and malicious manner by removing her handbag from her private Q-Suite as she slept.

2. Defendants and their employees intentionally and or negligently acted to deprive plaintiff JANE ROE of the use and possession of her personal property by employing an individual who seized plaintiff's handbag and took U.S. currency from plaintiff's belongings without plaintiff's knowledge or permission. Said employee then refused to return said property to plaintiff upon her demand.

3. Plaintiff entered into a contract with defendant Qatar Airways wherein in exchange for substantial value the defendant promised to provide a safe and secure business class passage from San Francisco International Airport to Kolkata, India. Defendant failed to deliver said experience, causing the plaintiff damages.

4. Defendant QATAR AIRWAYS then failed to protect the plaintiff's by allowing defendant's employee access to plaintiff's identifying information which enabled said employee or employees or their agents to harass and threaten the plaintiff fro reporting the theft.

**THE PARTIES**

5. Plaintiff JANE ROE is a citizen and resident of the United States of America and the State of California who resides in Fremont, California. Due to the nature of the threats which have been made against her and her family, she is herein referred to as JANE ROE to protect her safety and privacy.

6. Defendant QATAR AIRWAYS is an entity organized and existing under the laws of Qatar, and wholly owned by the government of Qatar and it has been granted a Foreign Air Carrier Permit by the United States of America Department of Transportation.

7. Defendant QATAR AIRWAYS conducts business in the United States through its passenger airline flight routes and enjoys the privileges of utilizing airports within the United States, including San Francisco International Airport in California.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

9. In the alternative, this Court has subject matter jurisdiction pursuant to the Montreal Convention ("MC") Article 33(2) because at the time of the accident the plaintiff had her principal and permanent residence here; because the air carrier operates flights on its own aircraft here; and because the air carrier conducts its business of carriage of passenger by air from

premises leased or owned by the carrier itself or by another carrier with which it has commercial interests. Both the departing country, the United States and the destination country, India, are signatories to the Montreal Convention, e.g., "Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999" signed by President Clinton and ratified by the Senate (the "Montreal Convention"). S. Treaty Doc. No. 106-45, 1999 WL 33292734, and such are bound by terms of said Convention.

10. The Court has personal jurisdiction over the defendant because it purposefully availed itself of this forum and they direct their business activities here, they have registered their aircraft with the appropriate State and local authorities to land here.

11. The Court has personal jurisdiction over the defendant, because the torts claimed in this action arise directly out of the defendant's purposeful availment of California.

12. The Court has personal jurisdiction over the defendant, because Plaintiff JANE ROE purchased a ticket and then boarded a flight in San Francisco, California.

13. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred during air travel from San Francisco, California.

**FACTS ABOUT THE INCIDENT**

14. Plaintiff JANE ROE boarded her Qatar Airways flight QR738 from San Francisco to Kolkata, India with a stop and connection in Doha, Qatar, on February 26, 2025 with her designer handbag as part of her carry-on luggage.

15. Plaintiff JANE ROE's handbag contained two sealed envelopes containing U.S. currency, one of which contained $3,000 and the other containing $1,100 in $100 bills.

16. The plaintiff drifted off to sleep sometime after takeoff. Upon waking, plaintiff JANE ROE noticed that her hang bag had been removed from its hanger. She then alerted a defendant QATAR AIRWAYS flight attendant, later identified as "Afreen", standing near her Q-Suite, that her handbag was missing and she began searching the plane for her bag.

17. Plaintiff JANE ROE then noticed that the lavatory door was partially open and she

looked in and saw another defendant QATAR AIRWAYS employee, later identified as Shilu Iqbal in the lavatory with JANE ROE's handbag on the floor at said employee's feet.

18. Plaintiff JANE ROE demanded that defendant QATAR AIRWAYS employee, Afreen, call a supervisor immediately.

19. Defendant QATAR AIRWAYS supervising flight attendant, "Mansi", arrived and was informed of the situation. She stated that she had to get her phone in order to provide the name of the flight attendant in the lavatory.

20. Plaintiff JANE ROE inspected her bag and its contents and found that one of the envelopes had been tampered with and six hundred dollars were missing from said envelope.

21. In spite of the fact that the pilot and other senior flight attendants were made aware of the incident, they allowed defendant QATAR AIRWAYS employee Shilu Iqbal to continue working throughout the flight and did not demand that she return the stolen currency.

22. To the best of plaintiff JANE ROE's knowledge, at no time thereafter did defendant QATAR AIRWAYS employees take any timely action to recover the stolen currency, investigate the incident thoroughly, discipline the defendant employee Shilu Iqbal, or compensate plaintiff JANE ROE for her distress.

23. Several days after the incident, the plaintiff, JANE ROE, began receiving threatening Facebook Messenger and Instagram messages from one or more individual(s) who claimed to know the defendant employee Shilu Iqbal. These messages indicated knowledge that the plaintiff has a son, and expressed a wish for bad things to happen to the plaintiff and her family.

24. The messages had the effect of causing the plaintiff extreme fear, anxiety, and concern for the safety and security of herself and her family. The messages served to intimidate and harass her.

25. Defendant Qatar Airways failed to protect the plaintiff's identity from disclosure to its agents or employees after the incident.

26. It was foreseeable to defendant Qatar Airways that certain of its employees would be either in collusion with employee Shilu Iqbal or personally supportive of her. Defendant QATAR AIRWAYS had a duty to take action to protect the plaintiff's privacy from this

forseeable circumstance. Defendant QATAR AIRWAYS intentionally failed to protect and secure the plaintiff's identity from bad actors seeking retribution for her reporting of the incident.

**FACTS ABOUT DEFENDANTS' BUSINESS**

27. Defendant QATAR AIRWAYS is a common carrier of passengers in air transportation.

28. Defendant QATAR AIRWAYS, as a common carrier of passengers in air transportation, owes a duty to its passengers to provide service with the highest possible degree of safety in the public interest.

29. To the best of Plaintiff's information and belief, Defendant QATAR AIRWAYS operates under a United States Department of Transportation Air Carrier Certificate.

30. Defendant QATAR AIRWAYS conducts "Flag" operations which means international common carrier air transportation to or from the United States under the federal aviation regulations.

31. To the best of Plaintiff's information and belief, Qatar Airways flight QR738 was engaged in "Flag" operations with scheduled service from San Francisco, California to Kolkata, India with a stop and connection in Doha, Qatar at the time of the incident.

32. At all times material defendant QATAR AIRWAYS's duties included:

    a. The duty to ensure that its employees are trained to refrain from taking passengers' property without their permission;

    b. The duty to ensure that their employees are trained to keep passengers' property safe and secure during flight;

    c. The duty to train all crew-members to respond to incidents involving theft of passenger property in an effective and prompt manner;

    d. The duty to promptly communicate to persons in authority when a theft has taken place so that it can be dealt with expeditiously.

    e. The duty to take all measures to ensure the identity of a passenger making a complaint against one of their employees is protected and secured;

    f. The duty to follow all protocols related to in-flight theft incidents, including prompt

investigation of the incident, interviews with witnesses and timely reporting to the victim;

g. The duty to follow applicable United States federal aviation regulations, QATAR AIRWAY's own company policies and procedures, and applicable commercial airline industry standards;

h. The duty to affirmatively act in the passenger's best interest for safety and security;

i. The duty to provide to passengers security for their personal possessions to the maximum extent possible;

33. Defendant QATAR AIRWAY's failure to execute its duties caused JANE ROE's injuries and damages.

### COUNT ONE- Intentional Tort (Conversion)

34. All preceding paragraphs of this Complaint are hereby incorporated as if set forth fully herein.

35. At all times material, defendant QATAR AIRWAYS was and is a common carrier engaged in the air transportation of passengers for hire and compensation.

36. At all times material, defendant QATAR AIRWAYS owed a duty to its passengers to provide service with the highest possible degree of safety and security in the public interest.

37. Plaintiff was injured onboard Flight QR738 by an incident that was external to plaintiff JANE ROE and consisted of the following actions by the defendant which failed to meet its requisite degree of care:

a. Defendant's employee knowingly and intentionally took possession of plaintiff's property without her consent and converted it for personal use.

b. Defendant's employee thereby prevented the plaintiff from having access to her property.

c. Defendant's employee refused to return the property to her.

38. Defendant is liable for the wrongful acts of its employee by law, including, but not limited to the Montreal Convention.

39.. As a direct and proximate result of defendant's actions, plaintiff has suffered financial damages.

40. Defendant QATAR AIRWAYS failed to timely restore the plaintiff's property to her, causing her distress and anxiety. As a result plaintiff suffered physical and emotional distress and damages.

## COUNT TWO- Breach of Contract

41. All preceding paragraphs of this Complaint are hereby incorporated as if set forth fully herein.

42. Plaintiff entered into a contract of carriage with defendant QATAR AIRWAYS, which included the obligation to provide safe transport, protect passenger's personal property and, because she paid a premium, an enhanced business class experience.

43. Defendant breached this contract by failing to safeguard plaintiff's property and allowing it's employee to commit theft and then harass plaintiff in the following manner:

    a. Defendant QATAR AIRWAYS failed to monitor, supervise, train and/or discipline its employees is such a manner as to prevent the theft of passengers' personal items.

    b. Defendant QATAR AIRWAYS failed to investigate the incident thoroughly, question the accused, and/or follow-up with remedial action which would ensure that the plaintiff was made whole and would continue to enjoy her business class experience.

    c. Defendant QATAR AIRWAYS failed to provide the plaintiff with a safe, secure, pleasurable business class experience for which she had a reasonable expectation.

    d. Defendant Qatar Airways failed to protect the plaintiff's identity from disclosure to its agents or employees after the incident, which enabled employee(s) to use the identifying information to harass, threaten and intimidate plaintiff.

44. As a direct and/or proximate cause of the unexpected and unusual incident onboard Flight QR738 and defendants breach of their contractual obligations, plaintiff JANE ROE suffered loss of property, loss of peace of mind, fear, anxiety, humiliation, intimidation and loss of enjoyment of the business class experience per their contractual obligations.

## **COUNT THREE- Negligence**

45. All preceding paragraphs of this Complaint are hereby incorporated as if set forth fully herein.

46. At all times material, defendant QATAR AIRWAYS owed a duty to its passengers to provide service with the highest possible degree of safety and security in the public interest.

47. Defendant breached its duty by negligently supervising its employees in the following manner:

   a. Defendant QATAR AIRWAYS failed to monitor, supervise, train and/or discipline its employees is such a manner as to prevent the theft of passengers' personal items.

   b. Defendant QATAR AIRWAYS failed to investigate the incident thoroughly, question the accused, and/or follow-up with remedial action which would ensure that the plaintiff was made whole and would continue to enjoy her business class experience.

   c. Defendant QATAR AIRWAYS failed to secure and protect the plaintiff's identity from individuals who might want to seek retribution for the plaintiff reporting the incident to their employer.

   d. Defendant Qatar Airways failed to protect the plaintiff's identity from disclosure to its agents or employees after the incident, which enabled employee(s) to use the identifying information to harass, threaten and intimidate plaintiff.

48. As the proximate result of defendant QATAR AIRWAYS' negligence, the plaintiff has suffered special damages and general damages, including emotional distress.

**COUNT FOUR-Intentional Infliction of Emotional Distress**

49. All preceding paragraphs of this Complaint are hereby incorporated as if set forth fully herein.

50. Defendant's employee engaged in extreme and outrageous conduct by stealing from a passenger entrusted to the airline's care. Defendant caused the plaintiff's emotional distress by acting in the following manner:

    a. Defendant failed to address the misconduct by investigating the incident thoroughly, questioning the accused, and/or following-up with remedial action.

    b. Defendant's failure to address the misconduct and refusal to rectify the situation exacerbated plaintiff's emotional distress.

    c. Defendant Qatar Airways failed to protect the plaintiff's identity from disclosure to its agents or employees after the incident, which enabled employee(s) to use the identifying information to harass, threaten and intimidate plaintiff.

    d. Defendant QATAR AIRWAYS failed to offer adequate compensation for plaintiff's emotional damages, including but not limited to fear, anxiety, humiliation, and intimidation.

51. As a direct and proximate result of defendant's conduct, plaintiff has suffered severe emotional distress, including anxiety, humiliation, fear and intimidation.

52. The defendants actions and inactions were malicious, oppressive and fraudulent.

53. Plaintiff seeks all damages deemed just and proper, including punitive damages if appropriate.

WHEREFORE, Plaintiff demands judgment against Defendant QATAR AIRWAYS, compensatory damages for the emotional distress, lost property and failure to provide a business class experience per their contractual obligations, plus interest, costs, attorneys fees and any other relief this Honorable Court deems just and proper.

WHEREFORE, Plaintiff demands judgment against Defendant QATAR AIRWAYS for compensatory damages, plus interest, costs, attorneys fees and any other relief this Honorable Court deems just and proper.

COMPLAINT FOR DAMAGES

## JURY DEMAND

Pursuant to the Article I, Section 16 of the California Constitution, the Seventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues.

Dated: April 14, 2025

Respectfully submitted,

**SHANE LAW**

By: */s/ David R. Shane*
David R. Shane, Esq.
California Bar No. 109890
1000 Drakes Landing Road, Suite 200
Greenbrae, CA 94904
(415) 464-2020
Dshane@shanelaw1.com